IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA JOANN RIEVES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, Commissioner of Social Security | : | NO. 20-1079 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                                 January 20, 2021

Patricia Joann Rieves ("Plaintiff") seeks review of the Commissioner's decision denying her claim for supplemental security income ("SSI"). For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

## I.   PROCEDURAL HISTORY

Plaintiff was born on October 25, 1967, and applied for SSI on October 11, 2016, alleging disability as of August 1, 2010, due to fibromyalgia, osteoarthritis of the knee, trochanteric bursitis, anserine bursitis, esophageal reflux, edema, osteoarthritis, asthma, and bronchitis. Tr. at 35, 152, 171. After her claim was denied initially, id. at 87-91, she requested a hearing before an ALJ, id. at 92-94, which took place on October 18, 2018. Id. at 30-54. On January 3, 2019, the ALJ denied Plaintiff's claim. Id. at 10-19. On January 10, 2020, the Appeals Council denied Plaintiff's request for review, id. at 1-6, making the ALJ's January 3, 2019 decision the final decision of the Commissioner. 20 C.F.R. § 416.472.

Plaintiff initiated this action by filing her complaint on February 25, 2020.  Doc. 2.  In response to Plaintiff's brief in support of her request for review (Doc. 18), Defendant first filed a response arguing that the ALJ's decision is supported by substantial evidence (Doc. 19), and then an uncontested motion for remand that does not specify the bases for the requested remand.  Doc. 23.[1]

## II.  DISCUSSION

Plaintiff challenges the merits of the ALJ's decision.  Because remand is uncontested, I will comment only briefly on Plaintiff's merits challenge.

Review of the record reveals that Plaintiff suffers from a significant number of impairments, with diagnoses including fibromyalgia, osteoarthritis of the knee, trochanteric and anserine bursitis, degenerative disc disease ("DDD"), lumbar radiculopathy, esophageal reflux, edema, asthma, and bronchitis.  Tr., e.g., at 309-10, 532, 543, 546, 559-60, 566, 574, 903, 936.  Plaintiff argues that the ALJ failed to include credibly established manipulative limitations in her residual functional capacity ("RFC") assessment, and erroneously found that Plaintiff could perform the standing/walking requirements for light work.  Doc. 18 at 3-14.

In her decision, the ALJ found that Plaintiff has severe impairments of DDD of the lumbar spine, osteoarthritis of the carpometacarpal ("CMC") joints bilaterally, seronegative arthritis, and obesity.  Tr. at 12.  The ALJ found that Plaintiff's diagnosed asthma, fibromyalgia, esophageal reflux, and hip bursitis are not severe impairments, and

---

[1]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 6.

that none of her conditions met or medically equaled the listing of impairments.  Id. at

12-13.  She found that Plaintiff retained the RFC to perform light work except that

Plaintiff

> can occasionally balance, bend, crouch, and climb ramps and
> stairs; can do no overhead reaching, kneeling, crawling, or
> climbing ladders, ropes, or scaffolds; can have no exposure to
> unprotected heights or unprotected moving mechanical parts;
> can have only occasional exposure to extreme cold, wetness,
> humidity, and vibration; after standing/walking for 45
> minutes, [Plaintiff] needs to sit for one to two minutes, and
> after sitting for 45 minutes, [Plaintiff] needs to stand and
> stretch for one to two minutes, but can remain on-task
> regardless of posture.

Id. at 14.  The ALJ accepted the vocational expert's ("VE") testimony that a person with

Plaintiff's vocational factors and RFC could perform work as an office helper, inspector,

and cashier.  Id. at 18.

Plaintiff argues that the ALJ's RFC should contain greater manipulative

limitations than a restriction to only overhead reaching, noting that the ALJ found

Plaintiff's CMC to be a severe impairment but nevertheless understated the findings of a

relevant x-ray report, and minimized the extent and limiting effects of the condition.

Doc. 18 at 3-4.  The record reveals significant impairment findings in Plaintiff's upper

extremities and hands, including in records from her treating physician, rheumatologist,

and physical therapists.  See, e.g., tr. at 286-87, 815-16, 931, 944, 958, 968, 971.  This is

significant because the VE testified that a limitation to occasional fingering would

eliminate the identified jobs, id. at 52-53, and because all of the identified jobs entail

frequent reaching.

Plaintiff also argues that the ALJ erroneously found that Plaintiff could perform the standing/walking requirements of light work, noting among other things that the ALJ failed to account for Plaintiff's well-documented gait abnormalities, difficulty transferring positions, and need for ambulatory assistance.  Doc. 18 at 7-8.  The medical record is replete with references to these difficulties despite treatment, including with pain specialists and physical therapy.  See, e.g., tr. at 349-50, 425-26, 500-01, 542, 552, 573, 576-77, 768-69, 803-04, 813, 1129, 1130.  She received an epidural steroid injection when her lower back and leg pain proved unresponsive to conservative treatment, id. at 553, but she reported that the injection provided her with 25% relief for two weeks and that the pain persisted.  Id. at 542.  Upon discharge from months of physical and aquatic therapy in January 2017, Plaintiff's physical therapist noted that Plaintiff had made "little to no progress" and that her prognosis was "poor."  Id. at 813.

Additionally, the ALJ's opinion in this regard contains important omissions and errors.  For example, the ALJ characterized an April 2016 evaluation as finding that Plaintiff was independent in her activities of daily living without assistance, tr. at 15, whereas the evaluation concluded that although Plaintiff required minimal assistance to perform self-care, she could not perform heavy housework, required additional time to perform light housework, and was unable to work secondary to dysfunction.  Id. at 349.  The ALJ also erroneously stated that the state agency medical reviewer found Plaintiff capable of performing light work, id at 16, when in fact the reviewer limited Plaintiff to sedentary work.  Id. at 62, 65.  Additionally, although the ALJ explicitly included a sit-stand option in the RFC "to accommodate exacerbations of [Plaintiff's] conditions," id. at

17, the ALJ failed to account for Plaintiff's use of a cane on days when her pain is bad, omitting her use of the cane from her RFC assessment and the hypothetical to the VE.

For all of these reasons, I will grant the motion for remand.[2]

## III.   CONCLUSION

For the foregoing reasons, I will grant the Defendant's unopposed motion for remand. On remand, I suggest a more careful analysis of the extent and limiting effects of Plaintiff's upper extremity impairment, and a reevaluation of Plaintiff's RFC.

An appropriate Order and Judgment Order follow.

---

[2]Plaintiff's brief also includes a three-sentence footnote invoking Seila Law, LLC v. Consumer Financial Protection Bureau, 140 S. Ct. 2183 (June 29, 2020), which found a constitutional defect in the Consumer Financial Protection Bureau statute, and asserts that the rationale in Seila Law applies here as well. Doc. 18 at 14 n.8. Because I will grant the Commissioner's uncontested remand motion, I do not find it necessary to address this claim at this time.